UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAVON MOULTRIE,

       Defendant.
_____/

Case No. 17-CR-20640

District Judge Stephen J, Murphy, III
Magistrate Judge Kimberly G. Altman

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Davon Moultrie is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On August 12, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons. For the reasons which follow, the government's motion is granted.

**Factual Background**

On June 4, 2019, Defendant was sentenced to 60 months incarceration and two years of supervised release following his conviction for racketeering

conspiracy, in violation of 18 U.S.C. § 1962(d).  His two-year term of supervision began on March 14, 2023.

According to the amended violation report filed on July 24, 2024, Defendant is alleged to have violated the terms of his supervised release by failing to stay in contact with his probation officer.

A hearing on the supervised release petition is scheduled before Judge Murphy on August 20, 2024.

**Analysis**

Because Defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of Criminal Procedure 32.1.  Under Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings.  Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  8 U.S.C. § 3143(a)(1).  The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6).

The government argues that Defendant has not meet his burden as to flight or danger.  The Court agrees.  As the Court noted at the hearing, Defendant

initially appeared on the original petition on May 9, 2024, which alleged Defendant failed to participate in mental health treatment. He was released on bond. Defendant appeared before Judge Murphy on May 28, 2024 and admitted guilt to the violation. He was again released on bond pending sentencing. Defendant failed to appear for sentencing on August 6, 2024. Further, Defendant has not been in consistent contact with his probation officer. Given Defendant's recent history of non-appearance coupled with an apparent mental health concern, the only way to assure Defendant's appearance and safety (for himself) is for Defendant to remain in custody pending the hearing. In sum, although the Court is not unsympathetic to Defendant, he has not met the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6).

    **Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: August 13, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge